**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939                    *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROY JONES**<br>                     **Plaintiff,**<br>       **v.**<br>**SILVER CREEK TRANSPORT, LLC**<br>        *and*<br>**AARON BAXTER**<br>                    **Defendants.** | **Case No.:**  2:23-cv-1461<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' COMPLAINT – CIVIL ACTION
### MOTOR VEHICLE ACCIDENT

Plaintiff, Roy Jones by and through their undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendant, and in support thereof avers as follows:

### THE PARTIES

1. The Plaintiff herein is Roy Jones (hereinafter "Plaintiff"), an adult individual who resides at 3200 Avenue S, Birmingham, AL 35208.

2. The Defendant herein is Silver Creek Transport, LLC (hereinafter "Defendant Silver Creek"), an organized and existing business entity having a principal place of business at 500 Railway Avenue, Chancellor, SD 57015.

3. The Defendant herein is Aaron Baxter (hereinafter "Defendant Baxter"), an adult individual who resides at 464 Glover Drive, Henderson, KY 42420.

4. At all times relevant hereto, Defendant Baxter was in the course and scope of his employment with Defendant Silver Creek based upon information and belief.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is greater than $75,000.

6. Plaintiff is a citizen of the State of Alabama.

7. Defendant Baxter is a citizen of the State of Kentucky.

8. Defendant Silver Creek maintains corporate citizenship in the State of South Dakota by virtue of its incorporation and home office in that State.

9. This Court has personal jurisdiction over the Defendants because at all relevant times, Defendants operated a motor vehicle in the Commonwealth in Pennsylvania.

10. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

11. At all times relevant hereto, Defendant Baxter was the operator of a tractor trailer bearing KY license plate number A83393 owned by Silver Creek, LLC (hereinafter the "subject tractor-trailer").

12. At all times relevant hereto, Defendant Baxter was acting within the course and scope of his employment with Defendant Silver Creek, in the furtherance of the business interests and objectives of Defendant Silver Creek, and with the actual and/or implied authority of Defendant Silver Creek.

13. At all times material hereto, Defendant Silver Creek acted or failed to act through

their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

14. At all times material hereto, Defendant Silver Creek established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial trucks.

15. At all times relevant hereto, Plaintiff was the operator of a motorhome bearing AL license plate number 1AOCXR9.

16. At approximately 5:30 p.m. on May 10, 2022, Plaintiff was traveling eastbound on the I-80, in the vicinity of mile marker 12, in East Lackawanna Township, Pennsylvania, and Plaintiff began to stop due to slowing traffic in front of him.

17. At the same time and place, Defendant Baxter, while in the course and scope of his employment with Defendant Silver Creek, was travelling eastbound on I-80 and, despite a clear sight distance and no obstructions to his view of the traffic conditions ahead of him, failed to observe Plaintiff's slowing motorhome, thereby violently striking the rear of Plaintiff's vehicle and causing Plaintiff's personal injuries as more fully hereinafter described.

18. At all times relevant hereto, Defendant Baxter had a sufficient amount of time to recognize Plaintiff's slowing motorhome and avoid the collision.

19. As a direct and proximate result of the Defendants' negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

20. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the manner set forth herein.

21. The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a

commercial vehicle in an unsafe manner and driving a commercial vehicle in substandard condition for long-haul interstate travel, of which caused Plaintiff's serious and permanent injuries.

22. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer of Defendants herein, Plaintiff was caused to sustain serious and permanent injuries including, but not limited to, disc extrusion at the C3-C4, right arm pain, neck pain, back pain, and headaches, some or all of which are permanent in nature and may last into the future.

23. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff was required to undergo significant medical treatment, including epidural injections, which, as of the date of this filing, is continuing into the future.

24. As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

25. As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

26. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

27. The aforementioned conduct of the Defendants foreseeably caused a high degree

of risk of serious physical injury to other motorists, including the Plaintiff, and which caused the Plaintiff's severe personal injuries as set forth herein.

28. Plaintiff's injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

29. Plaintiff's injuries and damages were not caused by any act or omission on the part of the Plaintiff or any other individuals and/or entity.

30. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I
## ROY JONES vs. SILVER CREEK TRANSPORT, LLC

31. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

32. At all times relevant hereto, Defendant Silver Creek conducted business in the Commonwealth of Pennsylvania.

33. At all times relevant hereto, Defendant Silver Creek employed, supervised, and trained the operator of the subject tractor-trailer, Defendant Baxter.

34. The injuries, damages and losses suffered by Plaintiff, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant Silver Creek Transport jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a. Failing to properly train their employees;

      b.      Failing to properly maintain their trucks, including the subject tractor-trailer;

      c.      Failing to properly service their trucks, including the subject tractor-trailer;

      d.      Failing to inspect their trucks, including the subject tractor-trailer;

      e.      Failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject tractor-trailer;

      f.      Failing to ensure the subject tractor-trailer was operated by a properly trained and licensed driver;

      g.      Failing to properly monitor driver performance;

      h.      Promoting and encouraging drivers to rush at the expense of safety;

      i.      Violating commercial motor vehicle regulations; and

      j.      Failing to use due care under the circumstances.

35. The conduct of Defendant Silver Creek caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiff described at length herein.

36. As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of Defendant Silver Creek, Plaintiff sustained severe and permanent injuries and damages, as previously described.

37. Defendant Silver Creek knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

38. The conduct of Defendant Silver Creek rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

39. Defendant Silver Creek acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

40. Defendant Silver Creek is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

### COUNT II
### ROY JONES v. SILVER CREEK TRANSPORT, LLC, as being vicariously liable for AARON BAXTER

41. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

42. At all times relevant hereto, Defendant Baxter was an employee, agent, ostensible agent, servant, and/or worker of Defendant Silver Creek.

43. At the time of the accident, Defendant Baxter was acting within the course and scope of his employment and/or agency with Defendant Silver Creek.

44. Defendant Silver Creek is vicariously liable as the employer and/or principal of Defendant Baxter for the injuries, resulting losses and expenses of Plaintiff for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

45. Defendant Silver Creek owed a duty to Plaintiff to ensure their employees were properly supervised, monitored, trained, and/or qualified.

46. Defendant Silver Creek owed a duty to Plaintiff to establish and enforce safety policies and procedures addressing safety.

47. The conduct of Defendant Silver Creek caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiff described at length herein.

48. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant Silver Creek, Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

49. Defendant Silver Creek is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT III
### ROY JONES v. AARON BAXTER

50. The Plaintiff herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

51. At all times relevant hereto, Defendant Baxter was an employee, agent, ostensible agent, servant, and/or worker of Defendant Silver Creek.

52. At the time of the accident, Defendant Baxter was acting within the course and scope of his employment and/or agency with Defendant Silver Creek.

53. The negligence, carelessness, and recklessness of Defendant Baxter consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of the subject tractor-trailer so as to avoid crashing into the Plaintiff;

b. Failing to notice a slowing vehicle in the roadway;

c. Failing to pay proper attention while operating the subject tractor-trailer;

d. Operating the subject tractor-trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

e. Failing to have the subject tractor-trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f. Failing to remain alert;

g. Failing to operate the subject tractor-trailer in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;

h. Failing to make necessary and reasonable observations while operating the subject tractor-trailer;

i. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

j. Failing to timely and properly apply his brakes;

k. Violating both the written and unwritten policies, rules, guidelines, and regulations of Silver Creek, LLC and/or the Commonwealth of Pennsylvania;

l. Failing to maintain an assured clear distance;

m. Failing to apprise himself of and/or abide by the FMCSR;

n. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

o. Failing to properly inspect his truck in violation of the FMCSR;

  p. Consciously choosing to drive the subject tractor-trailer at a high rate of speed for the location and circumstances; and

  q. Acting with a conscious disregard for the rights and safety of the Plaintiff.

54. For the reasons set forth above, Defendant Baxter's operation of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff.

55. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Baxter, Plaintiff sustained severe and permanent injuries and damages, as previously described.

56. The conduct of Defendant Baxter rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm and damages as set forth herein.

57. Defendant Baxter acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiff.

58. This and other misconduct of Defendant Baxter constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

            **MORGAN & MORGAN**

           BY: _____
            Alexander C. Hyder, Esquire
            *Trial Counsel for Plaintiff*

DATE: 08/15/2023