IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

ROY JONES,                          )
                                    )
                                    )           2:23-CV-01461-MJH
            Plaintiff,              )
                                    )
      vs.                           )
                                    )
SILVER CREEK TRANSPORT, LLC,        )
AARON BAXTER,                       )
                                    )
            Defendants,

OPINION AND ORDER

Plaintiff, Roy Jones, brings the within action against Defendants, Silver Creek Transport,

LLC and Aaron Baxter, for negligence arising from a motor vehicle accident. (ECF No. 1).   Mr.

Jones's Complaint includes allegations of "recklessness," "outrageous conduct," and "gross

negligence."  *Id.* at ¶¶ 21, 22, 34, 36, 38, 39, 48, 53, and 55-88.  Pursuant to Fed. R. Civ. P.

12(b)(6), Defendants move to dismiss said allegations and any claim for punitive damages.[1] The

matter is now ripe for consideration.

---

[1]The word "punitive" appears nowhere in Mr. Jones's Complaint.  However, a plaintiff may
pursue a claim for punitive damages even where an explicit demand for such relief is not made in
the complaint. *Kozlowski v. JFBB Ski Areas, Inc.*, No. 18-353, 2020 WL 2468408, at *4, 2020
U.S. Dist. LEXIS 84337, at *8-18 (M.D. Pa. May 13, 2020) (citing *Newell v. State of Wis.
Teamsters Joint Council No. 39*, No. 05-552, 2007 U.S. Dist. LEXIS 72917 (E.D. Wis. Sept. 28,
2007) ("[A]bsent an explicit demand, the complaint must contain sufficient allegations to inform
the defendant that punitive damages are on the table....")). "In Pennsylvania, punitive damages
are available as a remedy for negligence actions." *Goodfellow v. Camp Netimus, Inc.*, No. CV
3:16-1521, 2017 WL 1738398, at *9 (M.D. Pa. May 4, 2017) (internal quotation omitted; citing
*inter alia Hutchinson ex rel. Hutchinson v. Luddy*, 582 Pa. 114, 870 A.2d 766, 772–73 (Pa.
2005)). "This remedy is only available in cases where the defendant's actions are so outrageous
as to demonstrate willful, wanton or reckless conduct." *Id.*  Here, Mr. Jones has alleged
"outrageous" and "reckless" conduct, and Defendants' Motion appears to infer that Mr. Jones
has demanded punitive damages.

Following consideration of Mr. Jones's Complaint (ECF No. 1), Defendants' Motion to Dismiss (ECF No. 11), the respective briefs (ECF Nos. 12 and 14), and for the following reasons, Defendants' Motion to Dismiss will be granted.  Mr. Jones's allegations of "recklessness," "outrageous conduct," and "gross negligence" and any claim for punitive damages will be dismissed.  Mr. Jones's will be granted leave to amend.

I.      Background

Mr. Jones alleges that, while operating a motorhome, he began to slow for stopped traffic ahead. (ECF No. 1 at ¶ 16).  At this time, Mr. Jones avers that Defendant, Aaron Baxter, while operating a tractor-trailer in the course and scope of his employment for Defendant, Silver Creek, failed to appreciate the slowing traffic, and impacted the rear of Mr. Jones's vehicle. *Id*. at ¶¶ 17-19.

Mr. Jones alleges that the accident occurred because Mr. Baxter was negligent in:

> a. failing to maintain proper and adequate control of the subject tractor-trailer so as to avoid crashing into the Plaintiff;

> b. failing to notice a slowing vehicle in the roadway;

> c. failing to pay proper attention while operating the subject tractor-trailer;

> d. operating the subject tractor-trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

> e. failing to have the subject tractor-trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

> f. failing to remain alert;

> g. failing to operate the subject tractor-trailer in accordance with the FMCSR [Federal Motor Carrier Safety Regulations] in the laws of the Commonwealth of Pennsylvania;

> h. failing to make necessary and reasonable observations while operating the subject tractor-trailer;

i. failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

j. failing to timely and properly applied his brakes;

k. violating both the written and unwritten policies, rules, guidelines, and regulations of Silver Creek, LLC and/or the Commonwealth of Pennsylvania;

l. failing to maintain an assured clear distance;

m. failing to apprise himself of and/or abide by the FMCSR;

n. failing to apprise himself of a and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

o. failing to properly inspect his truck in violation of the FMCSR;

p. consciously choosing to drive the subject tractor-trailer at a high rate of speed for the location and circumstances; and

q. acting with a conscious disregard for the rights and safety of the Plaintiff.

*Id*. at ¶ 54.   Based upon the alleged negligent conduct, Mr. Jones avers that 1) "Defendant Baxter's operations of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles…", 2) Mr. Jones was injured as the result of the "negligence, carelessness and recklessness" of Mr. Baxter, 3) that "the conduct of Defendant Baxter rises to the level of outrageous conduct in that it willfully ignored the known safety hazards which causes Plaintiff's harm and damages…", and 4) that Mr. Baxter "…acted with a willful, wanton, and reckless disregard for the safety of other vehicles…" *Id*. at ¶¶ 54, 56-58.

As against Silver Creek, Mr. Jones alleges that that the accident was caused by the "…negligence, carelessness, recklessness, and gross negligence" of Silver Creek in:

a. failing to properly train their employees;

b. failing to properly maintain their trucks, including the subject tractor-trailer;

c. failing to properly service their trucks, including the subject tractor-trailer;

d. failing to inspect their trucks, including the subject tractor-trailer;

e. failing to properly maintain, service and/or inspect the brakes and brake systems of their trucks, including the subject tractor-trailer;

f. failing to ensure the subject tractor-trailer was operated by a properly trained and licensed driver;

g. failing to properly monitor driver performance;

h. promoting and encouraging drivers to rush at the expense of safety;

i. violating commercial motor vehicle regulations; and

j. failing to use due care under the circumstances.

*Id*. at ¶ 34.  Based upon Silver Creek's alleged conduct, Mr. Jones alleges that; 1) He was injured "[a]s a direct and proximate result of the negligence, carelessness, reckless[ness], and/or other liability-producing conduct of Defendant Silver Creek…"; 2) that "defendant Silver Creek knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers…posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff"; 3) that the "… conduct of defendant Silver Creek rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff…"; and that 4) Silver Creek acted with "a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff." *Id*. at ¶¶ 36-39.

In their Motion to Dismiss, Defendants argue that Mr. Jones's Complaint fails to adequately plead facts supporting punitive damages and that the same should be dismissed.

II.      Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a

motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir.

2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A

pleading party need not establish the elements of a *prima facie* case at this stage; the party must

only "put forth allegations that 'raise a reasonable expectation that discovery will reveal

evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d

Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa.

June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016)

("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it

must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

III.     Discussion

Defendants argue that Mr. Jones's punitive damages claim should be dismissed because the Complaint fails to establish the "something more" component beyond the ordinary negligence averments required for punitive damages. Specifically, Defendants maintain the Complaint alleges no conduct that elevates Mr. Baxter's actions to outrageous or egregious actions. Finally, Defendants contend that, as regard allegations against Silver Creek, the Complaint alleges boilerplate, conclusory allegations regarding whether it trained Mr. Baxter inadequately, failed to monitor or supervise him adequately, failed maintain its vehicles

adequately, or otherwise failed to properly comply with certain, undefined statutes or regulations.

Mr. Jones argues his Complaint contains a sufficient factual basis to put Defendants on notice of the claims for punitive damages. Mr. Jones also contends that dismissal of these claims is premature until discovery into the policies, procedures, training, safety/crash history, etc. of Defendants and into the conduct of Mr.Baxter, including any violations of the FMCSRs.

In Pennsylvania, the assessment of punitive damages is proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Cont'l Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (Pa. 1991). The Pennsylvania Supreme Court has also adopted Section 908(2) of the Restatement (Second) of Torts, which states as follows:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause[,] and the wealth of the defendant.

Restatement (Second) of Torts § 908(2); see *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747-48 (1984); see also *SHV Coal, Inc.*, 587 A.2d at 704.  In the motor vehicle context, "simple allegations limited only to a defendant failing to comply with traffic laws are not sufficient for punitive damages."  *Carson v. Tucker*, 2020 WL 4015244 at *4 (E.D. Pa. July 16, 2020); *see Babenko v. Dillon*, No. 5:19-cv-00199, 2019 WL 3548833 at *3 (E.D. Pa. Aug. 2, 2019) (holding that defendant's negligent speeding, failure to properly signal, and failure to properly observe roadways did not warrant punitive damages).

Here, Defendants' arguments are well taken.  Mr. Jones's Complaint contains conclusory allegations that label Defendants' conduct as reckless, wanton, or outrageous.  Moreover, said

allegations are devoid of facts that would support any specified conduct or violations of specific regulations or statutes.  As observed by another member of this Court, "[t]he inclusion of simple allegations that a truck driver did not comply with the law or violated regulations does not, by itself, satisfy the requirements of Pennsylvania law for awarding punitive damages." *Elmi v. Kornilenko*, 018 WL 1157996, at *5 (W.D. Pa. Mar. 2, 2018).   Mr. Jones would have this Court adopt a *per se* rule where almost any liable driver, who almost invariably violate some traffic law or regulation, be forced to defend a claim for punitive claims without a "something more" averment beyond ordinary negligence. *Id*.  Likewise, Mr. Jones's Complaint against Silver Creek avers no specifics regarding its alleged acts or failure to act that shift its role from ordinary negligence to "something more."  Instead, the Complaint contains a litany of allegations against Defendants that are unsupported by the requisite specificity to reach a plausible conclusion regarding Defendants' conduct which would buttress a punitive damage claim.  Therefore, Mr. Jones's claim against Defendants for punitive damages and the averments purporting to support the same will be dismissed.

Accordingly, Defendants' Motion to Dismiss will be Granted.   The Court enters the following order:

ORDER

Based upon the foregoing, Defendants' Motion to Dismiss is Granted.  To the extent that Mr. Jones's Complaint seeks punitive damages against Defendants, the same are dismissed. Additionally, all allegations, that Defendants' conduct constitutes "recklessness", "outrageous conduct" and "gross negligence", as contained in Complaint Paragraphs 21, 22, 34, 36, 38, 39, 48, 53, and 55-88, are hereby stricken therefrom as immaterial.   In light of the Court's Opinion, it will permit Mr. Jones to amend his Complaint.   Any amendment should be filed on or before

November 20, 2023.   Defendants shall answer or otherwise respond to either Plaintiff's

Complaint or an Amended Complaint on or before December 4, 2023.

DATED this 6th day of November, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge